UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
97 SEP 15 PM 3: 15
U.S. DISTRICT COURT
N.D. OF ALABAMA

PAULA HARRIS,                    }
                                 }
    Plaintiff,                   }
                                 }
v.                               }   CASE NO. CV 96-B-2788-S
                                 }
VOYAGER LIFE INSURANCE           }
COMPANY, a corporation,          }
                                 }   ENTERED
    Defendant.                   }
                                     SEP 15 1997

MEMORANDUM OPINION

Currently before the court is the plaintiff's Motion to Remand the case to state court. Upon consideration of the record, the submissions of the parties, the argument of counsel, and the relevant law, the court is of the opinion that the amount in controversy requirement has not been met and that the motion to remand is due to be granted.

### BACKGROUND

This case arose from claims of bad faith refusal to pay insurance benefits and breach of an insurance contract. Plaintiff Paula Harris ("Harris") originally filed her Complaint in the Circuit Court for Jefferson County, Alabama, on January 17, 1996. The *ad damnum* clause of her original Complaint did not specify an amount for damages. Defendant Voyager Life Insurance Company ("Voyager") subsequently removed this action to this court on the basis of this court's federal diversity jurisdiction. On March 10, 1997, Harris filed an Amended Complaint which concludes with the following *ad damnum* clause:

> WHEREFORE, Plaintiff demands judgment against Defendant, VOYAGER LIFE INSURANCE COMPANY, for damages in the amount of Forty Nine Thousand Five Hundred Dollars ($49,500).

13

Pl.'s Am. Compl. Soon thereafter, Harris filed this Motion to Remand, contending that diversity jurisdiction is not proper because the amount in controversy requirement has not been met. Defendants counter that the amount in controversy requirement has been met.

## DISCUSSION

A defendant is permitted to remove a case to federal district court if the district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). Original jurisdiction may be based on federal question or diversity. A federal court has diversity jurisdiction over an action if the action is between citizens of different states and the amount in controversy exceeds the minimum jurisdictional amount. 28 U.S.C. § 1332. Because the parties in the present case are not disputing their diversity of citizenship, the only question before the court is whether the amount in controversy exceeds the minimum amount.[1]

Harris contends that federal diversity jurisdiction is not proper because the amount in controversy does not exceed the $50,000 minimum required for jurisdiction. Harris cites the court to 28 U.S.C. § 1447(c) which provides, in pertinent part, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Harris argues that because the amount in controversy requirement is not met, the court lacks subject matter jurisdiction and remand is appropriate.

In the present case, Harris did not specify the amount of damages in her original

---

[1] Effective January 17, 1997, the amount in controversy must exceed $75,000 for a federal district court to have diversity jurisdiction. *See* Federal Courts Improvement Act of 1996, Pub. L. No. 104-317, § 205, 110 Stat. 3847, 3850 (codified at 28 U.S.C. § 1332). Because this action was filed and removed prior to this effective date, the minimum amount in controversy required for this case remains at $50,000. 28 U.S.C. § 1332 (1994).

Complaint. However, Harris claims that "[a]fter Plaintiff reviewed the discovery exchanged by the parties, Plaintiff became aware that she did not have a $75,000 case and clarified her position to the Court in the form of an amended complaint." Pl.'s Br. 3. Harris' Amended Complaint contains an *ad damnum* clause requesting $49,500 in damages. Because Harris does not specify otherwise, the court will assume that this figure represents the maximum *total* damages sought, including any punitive damages. The court accepts Harris' $49,500 figure as the amount in controversy for this case. Therefore, the court concludes that remand to state court is appropriate because diversity jurisdiction is lacking.

## CONCLUSION

Based on the foregoing, the court is of the opinion that this court lacks subject matter jurisdiction over the present action. As stated in the *ad damnum* clause of the plaintiff's Amended Complaint, the amount in controversy totals $49,500, falling below the minimum necessary for diversity jurisdiction. Therefore, plaintiff's motion to remand is due to be granted. Should the plaintiff subsequently amend her Complaint to request damages exceeding $50,000, the court requests that the defendant promptly notify the court. An Order in accordance with this Memorandum Opinion will be entered contemporaneously herewith.

**DONE** this 15th of September, 1997.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
United States District Judge